IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Mark Valimont,

               Plaintiff,

vs.

State of Minnesota,
Minnesota Judicial Branch,
Minnesota Judicial Council,
State Court Administrator's Office; and
Third Judicial District Court
Administrator's Office,

               Defendants.

Civil File No. 17-cv-03655
MJD-KMM

**AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1. On November 3, 2015, the Jury Commissioner of the Freeborn County District Court (Third Judicial District of Minnesota) summoned Plaintiff Mark Valimont for Grand Jury service. Mr. Valimont wished to serve on a Grand Jury and completed and returned the Jury Questionnaire the District Court sent him. Mr. Valimont is a person who is deaf. He notified the Court that he is deaf and asked the Court to provide an American Sign Language (ASL) interpreter to allow him to participate in communications during his grand jury service.

2. The District Court responded to Mr. Valimont's request for an interpreter by involuntarily excusing him from Grand Jury service. Mr. Valimont did not ask to be excused from Grand Jury service. When Mr. Valimont contacted the District Court and

told the Court he did not wish to be excused, the Court did not correct its error and did not return Mr. Valimont to inclusion in the grand jury pool.

    3.     Defendants State of Minnesota, Minnesota Judicial Branch, the Minnesota Judicial Council, the State Court Administrator's Office and the Third Judicial District Court Administrator are responsible for the operation of the Freeborn County District Court.

    4.     The actions of the Defendants deprived Mr. Valimont of the opportunity to participate in Grand Jury services.

    5.     Plaintiff brings this legal action pursuant to the Americans with Disabilities Act (ADA) (42 U.S.C. § 12132), the Federal Rehabilitation Act (29 U.S.C. § 794), the Minnesota Human Rights Act (MHRA) (Minn. Stat. § 363A.12), to obtain all damages and injunctive relief provided by the law. Plaintiff also seeks to recover statutory attorney's fees incurred in bringing this action.

## II. JURISDICTION AND VENUE

    6.     This Court has jurisdiction over Plaintiff's case because it asserts claims based on federal statutes.

    7.     Venue is proper within this District.

    8.     Plaintiff filed a timely charge of disability discrimination against the Defendants with the Minnesota Department of Human Rights. He commences this lawsuit within the time period required by Minn. Stat. § 363A.33, Subd. 1(3).

## IV. PARTIES

9. Plaintiff, Mark Valimont, currently resides in the City of Mankato, Minnesota.

10. Plaintiff is an individual who is deaf. His hearing is severely limited.

11. Plaintiff's primary language is American Sign Language (ASL), which he uses to communicate with hearing people and with other deaf people. When he communicates with hearing people concerning significant and complex matters, such as legal matters, he uses an ASL interpreter to assure effective communication with people who are hearing and who do not use ASL.

12. Defendant State of Minnesota is a State in the United States of America.

13. The State of Minnesota operates courts in Minnesota through the Minnesota Judicial Branch and the Minnesota Judicial Council, which govern and operate the Minnesota District Courts, including the courts of the Third Judicial District.

14. The Minnesota Judicial Council is the administrative policy-making body for the Minnesota Judicial Branch.

15. The State Court Administrator's office serves as the staff to the Minnesota Judicial Council and provides central administrative infrastructural services to the entire Judicial Branch.

16. The Third Judicial District Court Administrator's office operates the District Courts in the Third Judicial District of Minnesota, including the Fremont County District Court.

17. Grand Jury service is a program or service of the Minnesota Judicial Branch.

## V. FACTS

18. On November 3, 2015, the Jury Commissioner of the Freeborn County District Court summoned Mark Valimont for Grand Jury service.

19. Mr. Valimont wanted to serve on the Grand Jury.

20. Mr. Valimont completed, signed and returned the Qualification Questionnaire the Jury Commissioner sent him. A true and accurate copy of Mr. Valimont's Qualification Questionnaire is attached to this Complaint as Exhibit A.

21. On his Questionnaire, Mr. Valimont reported that he had a disability. He informed the Jury Commissioner in a written note that he needed a certified legal American Sign Language interpreter "to access" jury service. A true and accurate copy of the request for an interpreter Mr. Valimont submitted is attached to this Complaint as Exhibit B.

22. When the District Court received Mr. Valimont's Qualification Questionnaire and his request for an interpreter on December 18, 2015, it excused Mr. Valimont from service on the Grand Jury. The note from the District Court excusing Mr. Valimont from service on the Grand Jury appears on Exhibit A.

23. Mr. Valimont never asked to be excused from Grand Jury service.

24. When Mr. Valimont received notice from the District Court that he had been excused from Grand Jury service, he contacted the Court for an explanation. He

informed the Court that he had not requested to be excused from Grand Jury service, and he did not want to be excused from Grand Jury service.

25. The District Court did not change its decision to excuse Mr. Valimont from Grand Jury service.

26. Defendants are responsible for the actions of the Freeborn County District Court and its Jury Commissioner.

27. The actions of the Defendants described in Paragraphs 18- 26 of this Complaint, subjected Plaintiff to illegal discrimination based on disability.

28. As a result of the actions of the Defendants, their failure to act, and their policies and practices, Plaintiff has suffered, and continues to suffer, emotional injuries, including, but not limited to, humiliation, embarrassment, and anxiety.

29. Plaintiff continues to be a resident of Minnesota, and continues to be eligible for Grand Jury service for the District Courts in Minnesota.

## VI. FIRST CAUSE OF ACTION

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

30. Plaintiff re-alleges the contents of Paragraphs 1 through 29 of this Complaint and incorporates their contents into this Cause of Action by reference.

31. Plaintiff is a person with a disability as that term is used by 42 U.S.C. § 12132.

32. Defendant State of Minnesota is a public entity covered by Title II of the Americans with Disabilities Act (42 U.S.C. § 12132).

33. Defendants Minnesota Judicial Branch, Minnesota Judicial Council and State Court Administrator's Office are public entities covered by Title II of the Americans with Disabilities Act (42 U.S.C. § 12132).

34. Defendant Third Judicial District Court Administrator is a public entity covered by Title II of the Americans with Disabilities Act (42 U.S.C. § 12132).

35. The Freeborn County District Court is a part of the District Courts of the State of Minnesota, specifically it is one of the District Courts of the Third Judicial District of the State of Minnesota.

36. Defendants are responsible for operating, managing and supervising the District Courts in Minnesota, including the Freeborn County District Court.

37. The decision of the Freeborn County District Court to involuntarily excuse Mr. Valimont from grand jury service violated the prohibition against discrimination contained in Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

38. The actions, omissions, policies and practices of the Defendants discriminated against Plaintiff on the basis of disability and denied him the equal benefit of their services, programs and activities in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

39. The actions of the Defendants demonstrate deliberate disregard for the rights of Mr. Valimont.

40. As a result of Defendants' actions, omissions, policies and practices, and their violations of Title II of the Americans with Disabilities Act, described in this Complaint, Plaintiff suffered the harm described in Paragraph 28 of this Complaint.

## VII. SECOND CAUSE OF ACTION

### VIOLATIONS OF THE FEDERAL REHABILITATION ACT

41. Plaintiff re-alleges the contents of Paragraphs 1 through 40 of this Complaint and incorporates them into this Cause of Action by reference.

42. To the best of Plaintiff's information and belief, Defendants are entities that receive funding from the United States Government for the operation of the Courts in Minnesota and are, therefore, covered by the Federal Rehabilitation Act (29 U.S.C. § 794).

43. Plaintiff is a person with a disability as that term is used by 29 U.S.C. § 794.

44. The decision of the Freeborn County District Court to involuntarily excuse Mr. Valimont from grand jury service violated the prohibition against discrimination contained in the Federal Rehabilitation Act (29 U.S.C. § 794) and its implementing regulations and denied him the equal benefit of Defendants' services, programs and activities, including grand jury service.

45. The actions, omissions, policies and practices of the Defendants discriminated against Plaintiff on the basis of disability and denied him the equal benefit of their services, programs and activities in violation of the Federal Rehabilitation Act (29 U.S.C. § 794) and its implementing regulations.

46. The Freeborn County District Court is a part of the District Courts of the State of Minnesota, specifically it is one of the District Courts of the Third Judicial District of the State of Minnesota.

47. Defendants are responsible for operating, managing and supervising the District Courts in Minnesota, including the Freeborn County District Court.

48. The actions of the Defendants demonstrate deliberate disregard for the rights of Mr. Valimont.

49. As a result of the actions, omissions, policies and practices of the Defendants, and their violations of the Federal Rehabilitation Act, described in this Complaint, Plaintiff suffered the harm described in Paragraph 28 of this Complaint.

## VIII. THIRD CAUSE OF ACTION

## VIOLATIONS OF MINNESOTA HUMAN RIGHTS ACT

50. Plaintiff re-alleges the contents in Paragraphs 1 - 49 of this Complaint and incorporates their contents into this Cause of Action by reference.

51. Plaintiff is a person with a disability as that term is used in Minn. Stat. § 363A.12.

52. Defendant State of Minnesota is a public service, as defined by the Minnesota Human Rights Act, Minn. Stat. § 363A.03, Subd. 35 and as such is covered by the requirements of the public services provisions of the Minnesota Human Rights Act, Minn. Stat § 363A.12.

53. Defendants Minnesota Judicial Branch, Minnesota Judicial Council and State Court Administrator's Office are each a public service, as defined by the Minnesota

8

Human Rights Act, Minn. Stat. § 363A.03, Subd. 35 and as such they are each covered by the requirements of the public services provisions of the Minnesota Human Rights Act, Minn. Stat § 363A.12.

54. Defendant Third Judicial District Court Administrator is a public service, as defined by the Minnesota Human Rights Act, Minn. Stat. § 363A.03, Subd. 35 and as such is covered by the requirements of the public services provisions of the Minnesota Human Rights Act, Minn. Stat § 363A.12.

55. The Freeborn County District Court is a part of the District Courts of the State of Minnesota, specifically it is one of the District Courts of the Third Judicial District of the State of Minnesota.

56. Defendants are responsible for operating, managing and supervising the District Courts in Minnesota, including the Freeborn County District Court.

57. The decision of the Freeborn County District Court to involuntarily excuse Mr. Valimont from grand jury service deprived Plaintiff of the equal opportunity to participate in and benefit from Defendants' service or program of serving on grand juries and thereby violated the prohibition against discrimination contained in Minn. Stat. § 363A.12.

58. The decision of the Freeborn County District Court to involuntarily excuse Mr. Valimont from grand jury service violated the prohibition against discrimination contained in Minn. Stat. § 363A.12.

59. The actions, omissions, policies and practices of the Defendants discriminated against Plaintiff on the basis of disability and denied him the equal benefit

9

of their services, programs and activities in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.12.

60. Defendants' actions, failures, policies and practices also failed to ensure Plaintiff program access to the programs, services and facilities of the Minnesota Judicial Branch, in violation of Minn. Stat. §§ 363A.12 and 363A.03, Subd. 33.

61. Defendants' actions, omissions, policies and practices have subjected Plaintiff to illegal discrimination by reason of his disability in violation of Minn. Stat. § 363A.12.

62. As a result of Defendants' actions, omissions, policies and practices, and their violations of the Minnesota Human Rights Act described in this Complaint, Plaintiff suffered the harm described in Paragraph 28 of this Complaint.[1]

## X. RELIEF REQUESTED

Plaintiff, therefore, respectfully requests that this Court issue the following relief:

1. Injunctive Relief:

    a. Direct the Defendants to train District Court Judges, Administrators and Staff who have responsibility for implementing procedures for selecting people to serve on Grand Juries in Minnesota concerning:

---

[1] The Minnesota Human Rights Act does not require Mr. Valimont to prove Defendants acted with deliberate disregard for his rights in order to prove a claim for compensatory damages. *See* Minn. Stat § 363A. 33, Subd. 6 incorporating Minn. Stat § 363A. 29, Subd. 4.

10

      i. Processing Qualification Questionnaires submitted by people with disabilities, including people who are deaf, to ensure that they are not excluded from jury service.

      ii. Processing requests by people with disabilities, including people who are deaf, for auxiliary aids and services and other accommodations.

      iii. Refraining from assuming that a person has made a request to be excused from Grand Jury service. Requiring an affirmative written statement that the person summoned has requested to be excused.

b. Directing the Defendants to develop and implement procedures to review and supervise the actions of District Court Judges and Court personnel concerning the selection of people to serve on Grand Juries in Minnesota.

c. Directing the Defendants to develop a uniform and standardized Qualification Questionnaire for Grand Jury Service to be used by District Courts in Minnesota that explicitly asks respondents whether they request an auxiliary aid or service, or other accommodation to be able to serve on a Grand Jury and to identify the auxiliary aid or service the respondent needs.

d. Directing the Defendants to notify residents of the State of Minnesota that people who are deaf are eligible to serve on Grand

11

      Juries and will be provided with ASL interpreters or other appropriate auxiliary aids requested to serve as jurors on Grand Juries.

2. Award compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), pursuant to Minn. Stat. § 363A.33, Subd. 6, and Minn. Stat. § 363A.29, Subd. 4, the ADA, the Federal Rehabilitation Act and Minnesota common law;

3. Award punitive damages in the amount of Twenty-Five Thousand Dollars ($25,000.00), pursuant to Minn. Stat. § 363A.33, Subd. 6, and Minn. Stat. § 363A.29, Subd. 4;

4. Award treble damages, pursuant to Minn. Stat. § 363A.33, Subd. 6, and Minn. Stat. § 363A.29, Subd. 4;

5. Order Defendants to pay a civil penalty pursuant to Minn. Stat. § 363A.33, Subd. 6, and Minn. Stat. § 363A.29, Subd. 4; and

6. Award Plaintiff statutory attorneys' fees and expenses pursuant to Minn. Stat. § 363A.33, Subd. 7, the ADA, and the Federal Rehabilitation Act; and

7. Award such other and further relief as the Court may deem reasonable and just.

**MID-MINNESOTA LEGAL AID
MINNESOTA DISABILITY LAW CENTER**

Dated: January 8, 2018

<u>s/Roderick J. Macpherson III</u>
Roderick J. Macpherson III (#66163)
Attorneys for Plaintiff
430 First Avenue North, Suite 300
Minneapolis, MN 55401
Telephone: (612) 746-3731
Facsimile: (612) 334-5755
E-Mail: <u>rjmacpherson@mylegalaid.org</u>

13